MEMORANDUM OPINION AND ORDER
PER CURIAM.
1. Introduction
This is an original action filed by the Cheyenne River Sioux Tribe in the Cheyenne River Sioux Tribal Court of Appeals pursuant to Rule 76(b) of the Cheyenne River Sioux Tribe Rules of Civil Procedure.[1] The procedure that is set out in Rule 76(b) is expressly designed to permit the Tribal Council to file such an action whenever it “determines that it is necessary or appropriate to obtain a prompt judicial determination as to the validity of any ordinance or resolution adopted by the Tribal Council.”[2] Commencement of this proceeding was expressly authorized by the Tribal Council through Resolution 27-04-CR that was passed on February 5, 2004, by a roll call vote of 6 yes, 3 no, 1 abstaining and 5 absent.
The complaint in this action was filed by the Tribe on March 4, 2004, and it sought a declaratory judgment that the amendments to part VIII Section 6 of Ordinance 14 were “valid under the constitution and any other applicable law.” Complaint at 6.
Upon filing of the complaint in accordance with Rule 76(c), the Court must set *13 a date and time for a hearing and that order along with a copy of the complaint and the subject ordinance or resolution must be published in a local newspaper of general circulation once a week for three consecutive weeks. These same items must also be posted at the tribal courthouse and tribal administration building at least 21 days prior to the date of the hearing.[3]
Pursuant to Rule 76(e), any enrolled member of Cheyenne River Sioux Tribe may become a “responding party to the action by written motion or by answering the complaint at least three (3) business days before the time set for the hearing.” Three individuals namely Ms. Bernice White Eagle, Ms. Bertha Charging Hawk, and Mr. Greg Ducheneaux filed written “answers” to the complaint in accordance with Rule 76(e).
Rule 76(f) requires a hearing be held to receive “evidence and argument” as to the validity of the subject ordinance. At the hearing, counsel for the Tribe shall present its case. Any “responding party” shall have the same opportunity with a final response reserved to counsel for the Tribe to “respond to any objections” to the subject ordinance. The hearing is otherwise governed by the Cheyenne River Sioux Tribe Rules of Civil Procedure.
The required hearing was held on September 13, 2004. Two of the three responders, namely Ms. Bernice White Eagle and Mr. Greg Ducheneaux, were present and offered “evidence and argument.” In addition, without objection by counsel for the Tribe, five other individu-áis, who did not file written “answers”, were given the opportunity to briefly present “evidence and argument.” These individuals were identified as Ms. Candace Ducheneaux, Mr. Eagle Hunter, Mr. Bryce In The Woods, Mr. Bernard In The Woods, and Ms. Rochelle Duche-neaux.
Pursuant to Rule 76(1), this Court must “determine questions of law and fact” and within ten (10) business days of the hearing file a “written determination regarding the validity of the subject ordinance or resolution.” This written determination must be published in a local paper of general circulation and posted at the tribal courthouse and the tribal administration building. In accordance with Rule 74(g), the determination of the Tribal Court of Appeals “shall be final.”
II. The Subject Ordinance 14 Amendments
The subject ordinance of this proceeding are amendments to Ordinance 14 that specifically address the Tribal Constitutional provision that deals with Referendum.[4] These amendments to Ordinance 14 are rather extensive and are provided in full at Appendix A. Ordinance 14 is the Tribal Ordinance that deals with “Elections.” Section 6 of Ordinance 14 deals specifically with the power of “referendum.” Prior to the subject amendments enacted on Feb-1 ruary 5, 2004, there were no prior amendments to Ordinance 14 that dealt with the constitutional power of referendum. In other words, the constitutional authority regarding referendum was not subject to *14 any tribal legislative enactments since its adoption on December 7, 1935 until February 5, 2004.
III. Issues
Although the Ordinance 14 amendments relative to the power of referendum are somewhat complex and detailed, the core issues concerning then- validity are whether they substantively impair the right of the people to petition for a referendum, or merely procedurally implement the constitutional right, and even if the amendments are merely procedural, whether they are constitutionally reasonable. Each issue will be examined in turn.
IV. Discussion
A. Whether the Ordinance 14 amendments substantively impair the constitutional right of referendum.
At the outset, the Court notes that the constitutional right of referendum in Art. VII neither expressly authorizes nor expressly prohibits Tribal Council legislative activity relative to the enumerated right. In the absence of such express language in the text of a constitution, the general rule of constitutional interpretation in that legislative body may adopt procedural rules to reasonably implement the right, but such procedural rules may not substantively impair the right. If the rules do impair the substantive (constitutional) right, they must be struck down as unconstitutional.
The position of Tribe, as thoughtfully expressed in its brief and at oral argument, is that the amendments to Ordinance 14 merely establish reasonable procedural rules for implementation of the right of referendum in order to provide uniformity and certainty in the (potential) exercise of this right. The Tribe cites a long line of state cases that all hold that such procedural rules relative to time limits for filing a referendum challenge are constitutional under the various state constitutions. In addition, counsel for the Tribe indicated there were no tribal court cases that dealt with this issue.
Counsel for the Tribe also correctly noted that state cases were not binding on this Court but in the absence of any relevant easelaw from this Court (or any other tribal court), it was argued that we might find such an unbroken line of cases as persuasive authority to uphold the Ordinance 14 amendments. While not an unreasonable claim, this Court does not find such argument constitutionally persuasive.
It is not constitutionally persuasive because the line of state cases all assume a constitutional predicate that does not exist on the Cheyenne River Sioux Reservation. That constitutional predicate involves the necessary due process element of notice.[5] In any state context, it is a constitutional given that actions of the state legislature are daily reported by press, radio, and television media. In addition, at the state level, actions of the legislature are promptly communicated to the public by the organized Democratic, Republican (and other) political parties. Lastly, at the state level, enacted legislation is routinely and immediately filed with a public official charged with that responsibility.
As testimony at the hearing indicated, little, if any, of such notice, is regularly available on the Cheyenne River Sioux Reservation. There is no daily press, ra *15 dio, or television coverage of Tribal Council legislative activity. In fact, radio and television coverage is almost non-existent. There is no daily paper on the Reservation and the weekly Eagle Butte News has only sporadic and irregular coverage of Tribal Council activities. In addition, there are no organized political parties that function at the Tribal Council level and thus there is no potential for notice from such sources. Tribal Council ordinances and resolutions are filed with the Tribal Secretary, but testimony at the hearing indicated that there were no timelines governing such filing. Nor are there rules in place describing the access of the Tribal membership to these enactments.
For all of the above reasons, this Court finds the amendments to Ordinance 14 unconstitutional because the amendments fail to provide adequate notice of Tribal Council legislative action as an essential ingredient of due process. This lack of notice substantively impairs the constitutional right of referendum. Notice is especially critical in the context of the Ordinance 14 amendments because the time frame for exercise of the constitutional power of referendum is only 45 days from the enactment of the legislation and there is no notice requirement whatsoever.
The Court does not, however, find persuasive the argument presented by some of the Responders present at the hearing who contended that the Tribal Council has no authority to enact procedural rules governing the referendum process if those rules in any way curtail the right of the people to seek a referendum. Although it is true that the Cheyenne River Sioux Tribe’s Constitution vests the people with a right to petition for a referendum on any resolution or ordinance passed by the Council, and does not expressly grant to the Tribal Council the authority to regulate that referendum process, the Court notes that the Council does have the constitutional authority to impose reasonable regulations governing elections on the reservation. That grant of authority is broad enough to encompass the passage of reasonable regulations pertaining to the submission of referendum petitions and the processing of such petitions. Setting reasonable time frames for the exercise of the right does not impair the right provided those time frames are preceded by adequate notice both of the passage of an ordinance governing the referendum process,[6] and of the actions taken by Council which could be subject to referendum.
There were many suggestions made by all participants (including the Tribe) at the hearing that taken together, and if passed by the Tribal Council, would overcome the constitutional shortfall. These elements of notice include express publication in the Eagle Butte News, posting of the ordinance or resolution at the tribal courthouse and tribal administration building, posting of the ordinance or resolution on the Tribe’s website, and posting of the ordinance or resolution in each of the 6 districts or “precincts” recognized in the Tribal Constitution.
B. Whether the Ordinance 14 Amendments that create a 45-day time limit for the exercise of the constitutional right of referendum is constitutionally reasonable.
As indicated above, the Ordinance 14 amendments are unconstitutional be *16 cause of the notice defect, but pursuant-to the suggestions of all parties, including counsel for the Tribe, the Court agrees that it would be helpful for the Court to provide some constitutional guidance in this area. Given the extraordinary significance of the constitutional right of referendum to the “people” and the legitimate concern for the Tribe to provide certainty to its potential business partners, the Court finds that a proper constitutional time limit for exercising the right of referendum would be at least 120 days after completion of the notice requirements set forth in Part IV'-A of this opinion. The Court also has concerns that any attempt to prevent tribal members from correcting a petition (within the appropriate time limit) that is not certified for election may violate the constitutional right of referendum. As written, the amendments to Ordinance 14 appear to prohibit those proponents of a referendum petition from correcting any defect in the petition and resubmitting it for consideration by the Tribal Election Board. This should also be examined in the context of reevaluating the notice requirements.
The Court also acknowledges the thoughtfulness and respect provided by all parties who appeared before the Court in this important matter.
V. Conclusion
For all of the above reasons, the Court declares the subject amendments to Ordinance 14 to be unconstitutional.
It is so ordered.
Ho hecetu yelo.
*17 APPENDIX A
[[Image here]]
*18 [[Image here]]
*19 [[Image here]]

. Rule 76(b) states:
(b) Jurisdiction of the Tribal Court of Appeals
In addition to the existing jurisdiction of the Tribal Court of Appeals, the Tribal Court of Appeals shall have original jurisdiction over actions initiated by the Tribal Council to validate any ordinance or resolution adopted by the Tribal Council.

. Rule 76(a).

. Rule 76(d).

. Art. VII of Cheyenne River Sioux Tribe Constitution states:
ARTICLE VII REFERENDUM
SECTION 1. Upon a petition of at least three hundred (300) qualified voters of the Cheyenne River Sioux Reservation a referendum may be demanded on any enacted or proposed ordinance or resolution of the Cheyenne River Sioux Tribal Council, and the vote of the majority of the qualified voters in such referendum shall be conclusive and binding on the tribal council.

. Due process is a core guarantee of the Indian Civil Rights Act of 1968, 25 USC § 1302(8) and Lakota tradition. See, e.g., Bloomberg v. Dreamer, Oglala Sioux Civ. Ap. 90-347 at 5-6 il 991). (Lakota tradition includes the due process concepts of notice and the opportunity to be heard.)

. There were some excellent suggestions made at the hearing regarding the need for public hearings in the Districts when ordinances such as amendments to Ordinance 14 are enacted by the Council. Although the Court notes that such public hearings are not mandated under Tribal law, they would go a long way towards bolstering tribal member confidence in the transparency and integrity of this political and constitutional process.